UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| THOMAS BOITNOTT, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| LUCAS KINKELAAR | ) | |
| and JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is an inmate at Lawrence Correctional Center in Lawrence, Illinois. At the time of the incident alleged below, Plaintiff was a patient at Chester Mental Health Center ("CMHC"), a forensic mental health facility operated by the State of Illinois in Chester, Illinois.

5. Defendant LUCAS KINKELAAR ("Defendant Kinkelaar") and Defendants JOHN DOE 1 – 3 are Security Therapy Aides ("STA's") employed at CMHC. At all times relevant to this Complaint, the Defendants were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation

6. The Defendants are sued in their individual capacities.

### Facts

7. On or about August 11, 2015, Plaintiff was a patient remanded to the custody of

1

CMHC. Plaintiff was there to be restored to fitness so he could be tried in a criminal case.

8. On or about August 13, 2015, Plaintiff was housed in the Unit Abel 3 section of CMHC.

9. Plaintiff and the other patients were ordered to leave the common area and return to their rooms.

10. Defendant Lucas Kinkelaar and Defendants John Doe 1 – 3 were angry at Plaintiff for supposedly taking too long to return to his room.

11. The Defendants followed Plaintiff into his room to confront him. Plaintiff was sitting on his bed.

12. Defendant Kinkelaar yelled at Plaintiff, telling him that "We're in fucking control here!"

13. Plaintiff told Defendant Kinkelaar that he was wrong, and insisted that God was in control.

14. This angered Defendants further. Defendant Kinkelaar stepped over to where Plaintiff was sitting and punched Plaintiff in the face.

15. Plaintiff immediately began bleeding from his lip and mouth. Defendant Kinkelaar had struck Plaintiff so hard that his teeth were knocked loose.

16. None of Defendants John Doe 1 – 3 acted to stop Defendant Kinkelaar from striking Plaintiff.

17. The Defendants jumped on Plaintiff, stood him up, and carried him to a restraint room.

18. Plaintiff was immobilized with a four-point restraint. He was still bleeding from his mouth.

19. Eventually, Plaintiff was taken from the restraint room to another site at CMHC for medical treatment. The gash to his lip was sutured shut.

20. Plaintiff complained of the incident to CMHC staff. He initiated a grievance against Defendant Kinkelaar and the other three Defendant John Does. He identified one of the John Does as "Kevin" and another as "Wilbur."

21. The Office of the Inspector General (OIG) investigated the incident. Plaintiff's injuries were photographed by an OIG investigator.

22. Each individual Defendant acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

23. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering and emotional distress.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

24. Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

25. Defendant Kinkelaar violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant Kinkelaar,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

26. Plaintiff realleges paragraphs 1 through 23 as if fully set forth herein.

27. While Plaintiff was subjected to excessive force as described above, Defendants John Doe 1 – 3 had an opportunity to intervene, but chose not to intervene.

28. Defendants John Doe 1 – 3 were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants John Doe 1 – 3,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

**Jury Trial Demanded**

                        Respectfully submitted,

                        */s/ Daniel P. Kiss*
                        Daniel P. Kiss
                        One of Plaintiff's Attorneys

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
53 West Jackson Boulevard, Suite 856
Chicago, Illinois 60604
(312)765-0100
louismeyer@meyerkiss.com
dankiss@meyerkiss.com